UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAHANSHAH KOHANSIMEH,

    Plaintiff,

vs.

FRANKLIN HALLEY,

    Defendant.

Case No. 3:18-cv-144

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S UNOPPOSED MOTION TO DISMISS (DOC. 8) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court on Defendant's motion to dismiss. Doc. 8. *Pro se* Plaintiff did not oppose Defendant's motion, and the time for doing so has expired. Accordingly, the undersigned has considered all of the foregoing, and the motion is now ripe for decision.

**I.**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## II.

On April 3, 2018, the Probate Court of Montgomery County, Ohio ("Probate Court") found, by clear and convincing evidence, that *pro se* Plaintiff suffered from a mental illness and, therefore, was subject to court ordered hospitalization pursuant to Ohio Rev. Code § 5122.01(B). PageID 67. Pursuant to an order issued by the Probate Court on April 3, 2018, Plaintiff was

2

committed for inpatient treatment at the Psychiatric Unit of Miami Valley Hospital for a period not to exceed ninety days. PageID 70. Further, the Probate Court granted a motion for forced medication or other forced medical treatment. *Id.*

Plaintiff brings this action against Defendant Franklin Halley, M.D., a private psychiatrist employed at Miami Valley Hospital, alleging that Dr. Halley provided false testimony in an affidavit submitted to the Probate Court. PageID 12. On May 2, 2018, Plaintiff filed this action in federal court purporting to assert civil rights claims against Dr. Halley under, presumably, 42 U.S.C. § 1983. Doc. 3 at PageID 80-83. The Court finds Defendant's motion to dismiss Plaintiff's complaint is well-taken for a number of reasons.

First, insofar as Plaintiff seeks to invoke the Court's federal question jurisdiction and proceed against Dr. Halley under 42 U.S.C. § 1983, he fails to allege that Dr. Halley is a state actor. *See Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (stating that, "[t]o prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States"). Alternatively, insofar as Plaintiff seeks to proceed under the Court's diversity jurisdiction, he cannot do so because, as he alleges, both he and Dr. Halley are Ohio citizens. *See* 28 U.S.C. §1332(a)(1). Accordingly, the Court lacks subject matter jurisdiction over this action.

Second, insofar as Plaintiff seeks to challenge the Probate Court's Commitment Order, his proper remedy is to file an appeal in the appropriate Ohio Court of Appeals. *See McCormick v. Braverman*, 451 F.3d 382, 393-96 (6th Cir. 2006) (finding federal district courts lack subject matter jurisdiction, under the *Rooker-Feldman* doctrine, over claims that attempt to appeal a state court judgment); *accord Kinter v. Boltz*, No. 3:12-cv-85, 2012 U.S. Dist. LEXIS 96482, at *5-9 (S.D. Ohio July 12, 2012), *aff'd*, No. 12-4167, 2013 U.S. App. LEXIS 12540 (6th Cir. May 1, 2013).

Finally, insofar as the Probate Court proceedings remain pending, this Court should abstain pursuant to the authority of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *see also Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

## III.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's unopposed motion to dismiss (doc. 8) be **GRANTED**, and that this case be **TERMINATED** on the Court's docket.

Date:  August 13, 2018                             s/ Michael J. Newman
                                                                          Michael J. Newman
                                                                          United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).